United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50289
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EDGAR DOMINGUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CR-120-4
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Edgar Dominguez appeals his conviction for conspiracy to
distribute cocaine, aiding and abetting, and possession with
intent to distribute cocaine.  He argues that the evidence of his
guilty knowledge was insufficient to support either conviction.

Because Dominguez did not renew his motion for judgment of
acquittal at the close of all evidence, our review of the
sufficiency of the evidence is limited to determining whether

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was "a manifest miscarriage of justice." See <u>United States v. Green</u>, 293 F.3d 886, 895 (5th Cir. 2002) (citation omitted). To find a miscarriage of justice, "the record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking." <u>United States v. Avants</u>, 367 F.3d 433, 449 (5th Cir. 2004).

The record in this case is not devoid of evidence of Dominguez's guilty knowledge, nor is his conviction shocking. See <u>id.</u> The jury could have inferred that Dominguez had knowledge of the conspiracy and knowingly possessed cocaine based on: (1) the extent of his communications with the other co-defendants, especially Stephen Vasquez, during the time of the transaction; (2) the fact that Vasquez indicated to Sgt. Smith that Dominguez was the source of the cocaine; (3) the fact that the shoe box Dominguez delivered contained cocaine; (4) the fact that the shoe box obviously contained something other than shoes; and (5) the fact that, after delivering the box, Dominguez waited in the parking lot instead of driving off. Consequently, the conviction is AFFIRMED.